[Cite as *State v. Fowlkes*, 2023-Ohio-3211.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,          CASE NO.  5-23-03

    v.

JAMAL R. FOWLKES,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Findlay Municipal Court

Trial Court No.  21TRC03017

**Judgment Affirmed**

**Date of Decision:   September 11, 2023**

APPEARANCES:

    *Blaise Katter* for Appellant

    *Marshall Wm. Finelli* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jamal R. Fowlkes ("Fowlkes"), appeals the Findlay Municipal Court's denial of his motion to suppress. We affirm.

{¶2} On May 15, 2021, Fowlkes was charged with one count of driving or physical control while under the influence in violation of Findlay Municipal Code 333.01(a)(1)(A), a first-degree misdemeanor and a marked-lanes violation under Findlay Municipal Code 331.08, a minor misdemeanor. On May 18, 2021, Fowlkes filed written pleas of not guilty.

{¶3} On October 12, 2021, Fowlkes filed a motion to suppress in the trial court. On March 16, 2022, the trial court held a suppression hearing, and on August 17, 2022, the trial court denied Fowlkes's motion to suppress. (Doc. No. 35).

{¶4} On March 7, 2023, Fowlkes pleaded no contest to the driving-or-physical-control-while-under-the-influence charge and the marked-lanes violation. Thereafter, he was sentenced, but the trial court stayed his sentence pending appeal.

{¶5} Fowlkes filed a timely notice of appeal, and raises a single assignment of error for our review.

**Assignment of Error**

**The Trial Court Erred by Overruling the Motion to Suppress as to the Lawfulness of the Traffic Stop.**

{¶6} In his sole assignment of error, Fowlkes argues that the trial court erred by denying his suppression motion. Specifically, Fowlkes asserts that the trial

court's factual finding that Officer Alex Michael Traxler ("Ofcr. Traxler") observed him leave his lane of travel is not supported by competent, credible evidence, and thus, implies that Ofcr. Traxler lacked a reasonable and articulable suspicion to stop Fowlkes for the marked-lanes violation.

*Standard of Review*

{¶7} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

*Analysis*

{¶8} The record reveals that Ofcr. Traxler first observed Fowlkes traveling northbound on North Main Street in Findlay, Hancock County, Ohio. Ofcr. Traxler testified that North Main Street (in Findlay) is a four-lane roadway. Ofcr. Traxler testified that Fowlkes left his marked lanes several times, which prompted him to

initiate a traffic stop.  As a result, Fowlkes was cited under Findlay Municipal Code

331.08(a)(1), which provides in its pertinent parts:

> (a)  Whenever any roadway has been divided into two or more clearly marked lanes for traffic or wherever traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
>
> (1)  A vehicle shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

{¶9} At the suppression hearing, Ofcr. Traxler testified that Fowlkes crossed

the centerline into oncoming traffic.  However, under cross-examination, Ofcr.

Traxler admitted that he was mistaken as to in which lane that Fowlkes was

traveling.  Thereafter, Ofcr. Traxler testified that "it was the right lane into the left

lane", and not the left lane (crossing the centerline) into oncoming traffic that

Fowlkes crossed.  (Mar. 16, 2022 Tr. at 65).

{¶10} The trial court ultimately determined, regardless of which traffic-lane

line Fowlkes crossed (i.e., whether it was the center-double-yellow line or the line

dividing the right lane from the left), he crossed a marked lane at least twice.  Thus,

to the extent he argues that the trial court's finding is not supported by competent,

credible evidence, his argument lacks merit.

{¶11} Nevertheless, Fowlkes argues that since Ofcr. Traxler was mistaken as

to the lane Fowlkes was traveling his testimony lacks credibility.  Importantly, at a

suppression hearing, the trial court assumes the roles as the trier of fact, and we defer to the trial court matters involving the credibility of witnesses.  *See State v. Ferguson*, 3d Dist. Defiance No. 04-01-34, 2002-Ohio-1763, *2. *See also Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8; *State v. Fanning*, 1 Ohio St.3d 19 (1982).   Here, we conclude that the trial court's findings are supported by competent, credible evidence.  Hence, after our review of the entire record, we will not say that the trial court erred by denying Fowlkes's motion to suppress.

{¶12} Accordingly, Fowlkes's assignment of error is overruled.

{¶13} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and WILLAMOWSKI, J.J., concur.**

**/jlr**